any proper official act, and consequently authorized to pass the resolution which they did. 1 Dill. Mun. Corp. (4th Ed.) §§ 263, 264; 1 Beach, Pub. Corp. §§ 265–271. We think that there has not been established any substantial departure from the requirements of the statute, and a case was not made warranting the interference of the court by injunction.

The order should be reversed, and the injunction dissolved, with $10 costs and disbursements. All concur.

---

FARMERS' LOAN & TRUST CO. v. STATEN ISLAND BELT–LINE R. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

ORDERS—CORRECTION—MOTION OR ACTION.

> An order authorizing a lease of a railroad by a receiver appointed in an action to foreclose a mortgage thereon will not, on the motion of the mortgagee, after the lessee has expended large sums of money on the faith of the lease, be set aside on the ground that the conditions of the lease had been broken by the lessor.

Appeal from special term, Kings county.

Action by the Farmers' Loan & Trust Company against the Staten Island Belt-Line Railroad Company to foreclose a mortgage. From an order denying an application by the Staten Island Electric Railroad Company for a writ of assistance (39 N. Y. Supp. 872) said company appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Julian T. Davies, for appellant.

Albert Reynaud, for respondent Staten Island Midland Railroad Company.

BROWN, P. J. The appellant acquired title to the property and franchises of the Staten Island Belt-Line Railroad Company through a sale made under and pursuant to a judgment of foreclosure rendered in the above-entitled action on June 14, 1894. After the commencement of the foreclosure action, and prior to the rendition of the judgment, upon the application of the mortgagee, a receiver of the mortgaged property pendente lite was appointed by the court, and on March 18, 1892, said receiver was authorized by the court, upon certain conditions named in the order, to grant permission to the Port Richmond & Prohibition Park Electric Railroad Company to construct, operate, and maintain its electric railroad along and upon the tracks and roadbed of the Staten Island Belt-Line Railroad Company on the shore road from the railroad station in the village of Port Richmond, on Staten Island, to Jewett avenue, in said village, and to make, execute, and deliver to said Port Richmond & Prohibition Park Electric Railroad Company an agreement of lease to that effect for the term of the charter of said Belt-Line Railroad Company. Thereafter such a

lease was executed by said receiver and delivered to said Port Rich-mond & Prohibition Park Electric Railroad Company; and the Staten Island Midland Railroad Company, the respondent herein, having become the assignee thereof, is now operating a railroad upon the afore-mentioned street.   The order which authorized the receiver to make such lease was granted upon due notice to and after hearing the mortgagee and trustee for the bondholders, and against the opposition of said mortgagee and the opposition of other creditors of the mortgagor.   No appeal was, however, ever taken from the order, and it stands in full force and effect.   The Staten Island Electric Railroad Company, finding said Midland Railroad Company in the possession of and using the tracks and roadbed in the street named, demanded that the possession thereof be surren-dered to it, and upon the refusal to comply with such demand moved at the special term that the order of March 18, 1892, be modified so that the duration of the lease be limited to the time of entry into possession by the purchaser at the foreclosure sale, or, in the alternative, that said order be vacated and set aside upon the ground that its conditions and the conditions of the lease executed pursuant thereto had been broken by the lessee, and that a writ of assistance be issued to the sheriff commanding him to remove said Midland Railroad Company from the mortgaged premises, and to put the Staten Island Electric Railroad Company in the possession thereof.   This motion was denied, and the Staten Island Company has appealed to this court.   We are of the opinion that the order should be affirmed.   We need not now express any opinion as to the propriety of the order of March 18, 1892.   It was granted by the special term after a hearing of all parties, and no appeal was taken from it, and we should not now summarily eject the lessee from the possession of the property leased, after it has expended large sums of money on the faith thereof.   If the appellant desires to ques-tion the power of the court to make the order or to attack the re-spondent's title to the property on the ground that the conditions upon which the lease was executed have not been complied with, it may do so by action.   Such questions are too important to be de-termined upon a motion.   We think the appellant is not in a position to attack the order on the ground that it was not a proper exercise of judicial power.   It had notice before it acquired its title to the mortgaged property that the Midland Railroad Company was in possession of the property, and unless the order of the court under which that possession was acquired was void, it is as binding upon the appellant as it was upon the parties to the foreclosure action. The appellant may question the validity of the order, and it may attack the respondent's title to the property for a breach of any of the conditions of the lease, but it must seek such relief through an action, and not by motion.

   The order must be affirmed, with $10 costs and disbursements. All concur, except PRATT, J., not voting.